1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

CHESTER ANDERSON,

                    Plaintiff,

          v.

THE UNITED STATES OF
AMERICA,

                    Defendant.

C16-586 TSZ

ORDER

13    THIS MATTER comes before the Court on the government's motion to dismiss,

14  docket no. 17.  Having reviewed the papers filed by the parties, the Court GRANTS

15  defendant's motion to dismiss without prejudice, and grants plaintiff's request for leave

16  to file another amended complaint, docket no. 19.

17  **<u>Background</u>**

18    Plaintiff alleges in his second amended complaint that he was denied treatment for

19  diabetic foot ulcers while he was incarcerated at the Seattle-Tacoma Federal Detention

20  Center.  Second Am. Compl., docket no. 16.  As a result, plaintiff alleges that he

21  contracted a bacterial infection that required surgery.  *Id.* at 24-27.  Plaintiff brings the

22  present action under the Federal Tort Claims Act (FTCA), and alleges that the prison

23

ORDER - 1

officials' "conscious indifference" of his medical condition, *id.* at ¶¶ 30-37, caused "unnecessary and wanton infliction of pain." *Id.* at ¶ 32.

## **Discussion**

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must indicate more than mere speculation of a right to relief.  *Id.*  A complaint may be lacking for one of two reasons:  (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  In ruling on a motion to dismiss, the Court must assume the truth of a plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief.  *Twombly*, 550 U.S. at 570.  If the Court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  If the facts in the underlying claim could entitle a plaintiff to relief, the Court should generally allow the plaintiff an opportunity to amend the complaint unless there is an "apparent or declared reason" not to.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Generally, "the United States is immune from suit unless it consents to be sued." *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016).  However, if a plaintiff seeks money damages based on a personal injury, the FTCA provides a limited waiver of this

1    immunity where such injury is "caused by the negligent or wrongful act or omission of

2    any employee of the Government while acting within the scope of his office or

3    employment, under circumstances where the United States, if a private person, would be

4    liable to the claimant in accordance with the law of the place where the act or omission

5    occurred."  Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1).

6           When an alleged tort involves prison officials, plaintiff may bring an FTCA action

7    based on a violation of 18 U.S.C. § 4042.  *Williams v. United States,* 405 F.2d 951, 954

8    (9th Cir. 1969).  Under 18 U.S.C. § 4042, the Bureau of Prisons has a duty to ". . .

9    provide for the safekeeping, care, and subsistence of all persons charged with or

10   convicted of offenses against the United States . . ."  18 U.S.C. § 4042.  However, a party

11   may not bring an FTCA suit based on a violation of the federal constitution.  28 U.S.C.

12   2679(b)(2)(B); *F.D.I.C. v. Meyer*, 510 U.S. 471, 477–78, 114 S. Ct. 996, 1001, 127

13   L. Ed. 2d 308 (1994) (". . . the United States simply has not rendered itself liable under

14   [the FTCA] for constitutional tort claims.").

15          The second amended complaint fails to assert a cognizable legal theory because

16   plaintiff references the Eighth Amendment in support of an FTCA claim.  *See* Second

17   Am. Compl., docket no. 16 at ¶¶ 29, 30-37.  In his response, plaintiff attempts to remedy

18   this by arguing that the FTCA claim is actually based on a violation of 18 U.S.C. § 4042,

19   and he raises the Eighth Amendment merely to highlight the standard of care that should

20   be applied.  *See* Opp'n to Mot. to Dismiss, docket no. 19, at pgs. 2-5.  This argument is

21   unpersuasive.  A claim under 18 U.S.C. § 4042 was not clearly articulated in the second

22   amended complaint, and as such, the government was not effectively given "fair notice"

23

ORDER - 3

1   of it. *See Twombly,* 550 U.S. at 555.  Rather, plaintiff repeatedly used language

2   suggesting that the FTCA claim was based upon a violation of his Eighth Amendment

3   rights. *See* Second Am. Compl., docket no. 16 at ¶¶ 29, 30-37.  Such a claim cannot be

4   made as a matter of law. 28 U.S.C. 2679 (b)(2)(B); *Meyer,* 944 F.2d at 565–66.  Thus, the

5   Court is left with nothing more than a "suspicion of a legally cognizable right of action,"

6   which is insufficient to withstand a motion to dismiss.  *See Twombly,* 550 U.S. at 555.

7   However, because plaintiff may be able to allege a claim under 18 U.S.C. § 4042,

8   plaintiff's request to amend is GRANTED.  Any amended complaint must be filed within

9   30 days of this order.

**Conclusion**

       Defendant's motion to dismiss, docket no. 17, is GRANTED, without prejudice,

and with leave to amend.

       IT IS SO ORDERED.

       Dated this 12th day of December, 2016.

Thomas S. Zilly
United States District Judge