UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHESTER ANDERSON,<br><br>                Plaintiff,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA,<br><br>                Defendant. | CASE NO. 2:16-cv-00586-TSZ<br><br>STIPULATED MOTION AND ORDER TO STAY DISCOVERY AND DISCOVERY MOTION DEADLINE PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(h)(3), OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT |

**INTRODUCTION**

The parties in the above-entitled action, by and through their attorneys of record, hereby stipulate and agree that good cause exists to stay discovery and postpone the upcoming discovery motions filing deadline pending the Court's resolution of the government's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(h)(3), or, in the Alternative, for Partial Summary Judgment (Motion to Dismiss). *See* Dkt. 40.

The parties request a stay of discovery and postponement of the discovery motions filing deadline because the government's Motion to Dismiss is potentially dispositive of

STIPULATED MOTION AND ORDER TO STAY DISCOVERY
AND CASE SCHEDULING DEADLINES
2:16-cv-00586-TSZ - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

this action and they agree that the legal claims set forth in the motion can be resolved without additional discovery. The Motion to Dismiss is noted for April 27, 2018; the discovery motions filing deadline is April 19, 2018 and the discovery deadline is May 28, 2018. *See* Dkt. 31. Absent a stay of discovery, the parties anticipate that over the next two months, they will (1) depose several of Plaintiff's medical treatment providers (most of whom are located in Oregon), (2) depose each other's expert witnesses (including Plaintiff's prison expert, who is located in Louisiana), and (3) incur additional expert witness costs, including the government's Fed. R. Civ. P. 35 examination of Plaintiff. The parties agree that this particularly costly phase of discovery will likely have no bearing on the issues before the Court on the government's Motion to Dismiss, and, if the Court grants the government's motion, it would be superfluous. Accordingly, the parties submit that good cause supports a stay of discovery and postponement of the discovery motions filing deadline until the Court rules on the government's pending Motion to Dismiss.

**STATEMENT OF FACTS**

**A.     The Government's Motion to Dismiss**

The government's Motion to Dismiss seeks dismissal of Plaintiff's Third Amended Complaint (TAC) pursuant to Fed. R. Civ. P. 12(h)(3) due to lack of subject matter jurisdiction over Plaintiff's Federal Tort Claims Act (FTCA) claims. *See generally* Dkt. 40. The government contends that even if the Court were to accept Plaintiff's allegations as true, he cannot meet his threshold burden of proving that the Court has subject matter jurisdiction over his claims, which, the government argues, are precluded by the Inmate Accident Compensation Act (IACA). *See id.* If the Court agrees with the government, Fed. R. Civ. P. 12(h)(3) mandates dismissal of Plaintiff's TAC.

Alternatively, the Motion to Dismiss seeks partial dismissal for lack of subject matter jurisdiction based on the discretionary function exception to the FTCA, and partial summary judgment on statute of limitations grounds. *See generally* Dkt. 40. If the Court

STIPULATED MOTION AND ORDER TO STAY DISCOVERY
AND CASE SCHEDULING DEADLINES
2:16-cv-00586-TSZ - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

grants the Motion to Dismiss on either of these bases, the parties agree that it will materially reduce the scope of this litigation and thus the scope of discovery.

**B.      The Parties' Upcoming Discovery**

The parties have recently exchanged expert witness disclosures and will be moving forward shortly with expert and final fact witness depositions. The depositions will include several medical witnesses—up to five of whom are located in Portland, Oregon—and Plaintiff's prison expert, who resides in Louisiana. Additionally, Plaintiff has agreed to appear for a Fed. R. Civ. P. 35 physical examination with the government's expert podiatrist prior to the close of discovery. Thus, the parties anticipate that they will incur substantial, potentially unnecessary costs over the next two months if discovery is not stayed while the Court decides whether it has subject matter jurisdiction over Plaintiff's TAC.

## DISCUSSION

**A. Standard for Stay of Discovery**

Fed. R. Civ. P. 26(c)(1)(A) provides that a "court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including … forbidding [] discovery." *Id.* The Ninth Circuit has recognized that district courts have "wide discretion in controlling discovery," which includes staying discovery until the resolution of a dispositive motion. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) (internal citations omitted) (courts have "broad discretion to stay discovery in a case while a dispositive motion is pending."). When additional discovery would not affect the court's decision on the pending dispositive motion, a "stay furthers the goal of efficiency for the court and litigants." *Little*, 863 F.2d at 685.

Here, the parties stipulate and agree that good cause warrants a stay of discovery because the Court can decide the government's Motion to Dismiss without them engaging in further discovery. Additionally, the parties submit that a stay of discovery furthers the Court's and parties' shared goal of efficiency by allowing the Court to

STIPULATED MOTION AND ORDER TO STAY DISCOVERY
AND CASE SCHEDULING DEADLINES
2:16-cv-00586-TSZ - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

determine whether Plaintiff has any viable claims—and, if so, the scope of any remaining litigation—before the Court or the parties expend additional resources on potentially unnecessary matters. Accordingly, the parties request that the Court enter a stay of discovery.

The parties also request that the Court postpone the upcoming discovery motions filing deadline (April 19, 2018), which will lapse prior to the noting date for the government's Motion to Dismiss. If the Court denies the government's motion, in whole or in part, the parties respectfully request that the Court allow them to propose a new discovery motions filing deadline and discovery deadline, and, if necessary, a new trial date and pretrial deadlines.

## CONCLUSION

For the reasons stated above, parties jointly request that the Court stay discovery and postpone the upcoming discovery motions filing deadline pending the Court's resolution of the government's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(h)(3), or, in the Alternative, for Partial Summary Judgment. A proposed form of Order is attached hereto.

DATED this 6th day of April, 2018.

| LAW OFFICES OF STEVEN R. YOUNG | ANNETTE L. HAYES<br>United States Attorney |
|---|---|
| *s/ Steven R. Young* <br>STEVEN R. YOUNG, WSBA No. 20754<br>Law Offices of Steven R. Young<br>600 Anton Blvd., Suite 650<br>Costa Mesa, California<br>Phone: 714-673-6500<br>Fax: 714-545-0355<br>Email: bestlawyer@aol.com | *s/ David R. East*<br>DAVID R. EAST, WSBA #31481<br>Assistant United States Attorney<br>United States Attorney's Office<br>700 Stewart Street, Suite 5220<br>Seattle, Washington 98101-1271<br>Phone: 206-553-7970<br>Fax: 206-553-4067<br>Email: david.east@usdoj.gov |
| *Attorney for Plaintiff* | *Attorneys for Defendant United States of America* |

STIPULATED MOTION AND ORDER TO STAY DISCOVERY
AND CASE SCHEDULING DEADLINES
2:16-cv-00586-TSZ - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ORDER**

The parties having so stipulated and agreed, it is hereby **ORDERED** that:

The parties' Stipulated Motion, docket no. 42, is **GRANTED**; and

Discovery is stayed and the discovery motions filing deadline is postponed pending the resolution of the Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(h)(3), or, in the Alternative, for Partial Summary Judgment ("Motion to Dismiss") (Dkt. 40); and

If the Court denies the Defendant's Motion to Dismiss, in whole or in part, the parties shall, within thirty (30) days of the Court's order denying the Motion to Dismiss, jointly propose a new discovery motions filing deadline and discovery deadline, and, if necessary, a new trial date and pretrial deadlines.

DATED this 12th day of April, 2018.

Thomas S. Zilly
United States District Judge

STIPULATED MOTION AND ORDER TO STAY DISCOVERY
AND CASE SCHEDULING DEADLINES
2:16-cv-00586-TSZ - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970