UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHESTER ANDERSON,

        Plaintiff,

  v.

THE UNITED STATES OF AMERICA,

        Defendant.

C16-586 TSZ

ORDER

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(h)(3), or, in the Alternative, for Partial Summary Judgment, docket no. 40 (the "Motion").[1] Having reviewed all papers filed in support of, and in opposition to, the Motion, the Court enters the following order.

**Background**

Plaintiff Chester Anderson ("Anderson" or "Plaintiff") brings a personal injury action alleging negligence under the Federal Tort Claims Act (FTCA). *See* Third

---

[1] Anderson's opposition to the Motion, docket no. 44, is referred to as the "Opposition." The United States' reply in support of the Motion, docket no. 46, is referred to as the "Reply."

ORDER - 1

Amended Complaint for Damages Under the Federal Tort Claims Act [28 U.S.C. §§ 2671-2680] for Conscious Indifference to and Disregard for Plaintiff's Known Medical Condition, docket no. 23 (the "Complaint"), at ¶¶ 29–38.[2] Anderson is a Type II diabetic, *id.* at ¶ 6, who alleges he was injured while working at the Federal Detention Center SeaTac ("FDC SeaTac"). Anderson claims that he was forced to wear work boots which caused diabetic blisters/ulcers to his feet. *Id.* at ¶¶ 7–16. Anderson's FTCA negligence claim stems from these injuries, and the FTCA is the sole basis for subject-matter jurisdiction Anderson asserts on this claim. *Id.* at ¶ 4.

Anderson estimates that he was first diagnosed with Type II diabetes in 1995. Transcript of Deposition of Chester Anderson, docket no. 41-1 ("Anderson Dep."), at 38:11–15. It is undisputed that he suffered from diabetes prior to his incarceration in the FDC SeaTac, which began on September 2011 through January 7, 2013, and again from February 13, 2013, through February 28, 2013. *See id.* at 48:12–19.

Anderson was assigned to work detail in or around October 2011. *Id.* at 67:20–68:1. As part of his work, Anderson was required to wear a pair of steel toed boots. *Id.* at 68:2–4 ("It was a requirement, yes, for work."). In November 2011, Anderson began developing diabetic ulcers on his feet. *Id.* at 61:13–20; *see also* Complaint at ¶ 9 ("The BOP Clinical Practice Guidelines for Management of Diabetes, June 2012 states that foot

---

[2] The Complaint also asserts a *Bivens* claim, which this Court previously dismissed on statute of limitations grounds in docket no. 28.

ulcers and amputations are complications of diabetes that are frequently related to neuropathy.").

Anderson testified that these ulcers "didn't start to get progressively worse until probably 2012." Anderson Dep. at 61:13–20. By August 2012, his condition had deteriorated:

> I just feel like it was the steel toe boots that we're required to wear. That's what caused the blisters in the first place, and the wear and tear on my feet, which formed the blisters. And there is no real way to have your feet heal when you have to wear them every day. You're required to work every day on your schedule.

*Id.* at 67:8–16; *see also* the April 2, 2018, expert report of Tim Gravette, docket no. 41-3 ("In the case of Anderson with his medical issues the boots achieved the opposite effect by causing further damage to his feet.").

Anderson alleges that he asked for but did not receive adequate medical treatment from the Government while incarcerated in FDC SeaTac. *See, e.g.*, Complaint at ¶¶ 17–24. The infections caused by the blisters/ulcers ultimately reached the bones in Anderson's feet requiring surgery. *Id.* at ¶¶ 25–27.

**Discussion**

**I.   Rule 12(h)(3) Standard**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). The standard for a motion to dismiss under Rule 12(h)(3) is the same as under Rule 12(b)(1)—"The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court

on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

A jurisdictional attack may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual attack can rely on extrinsic evidence in arguing that subject-matter jurisdiction does not exist. *Id.* (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)). On a motion to dismiss, the Court may consider evidence beyond the complaint in resolving a factual attack on jurisdiction. *Id.* Once the moving party presents evidence properly brought before the Court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject-matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

Here, the Government presents a factual attack by relying on extrinsic evidence in disputing the Complaint's allegation that jurisdiction exists under the FTCA. *See* Motion at 9–10. As such, Plaintiff may no longer rely on the Complaint's allegations and must instead submit evidence establishing subject-matter jurisdiction.

## II. Analysis

### a. The IACA is the exclusive remedy for injuries suffered by an inmate for work activity.

The Government argues that the Inmate Accident Compensation Act (IACA), 18 U.S.C. § 4126(c) is Anderson's exclusive remedy, thereby precluding this Court of jurisdiction over his claims. IACA authorizes the Federal Prison Industries, Inc. to compensate inmates "for injuries suffered . . . in any work activity in connection with the

ORDER - 4

maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). The United States Supreme Court has held that the IACA is the exclusive remedy for a federal prisoner injured in the performance of an assigned task while in a federal penitentiary. *United States v. Demko*, 385 U.S. 149, 150–54 (1966).

### b. For preexisting conditions, the relevant event is the aggravating incident.

The dispositive issue is whether the IACA bars recovery for the diabetic blisters/ulcers Anderson developed while working at the FDC SeaTac. Anderson argues that the IACA does not bar his claim because "the premise of [his] suit is that he already had the problem when his confinement at FDC SeaTac began . . . ." Opposition at 2–3 (the "time line demonstrates that Plaintiff's claim is not based on [an] 'incident' where he suffered an injury, but that his claim is based on the exacerbation of his known medical condition due to a denial of treatment.").[3]

The Sixth Circuit squarely addressed this issue in *Wooten v. United States*, 825 F.2d 1039 (6th Cir. 1987). Plaintiff Wooten appealed the district court's dismissal of his FTCA claim, which found that his injuries were work-related and concluded that his exclusive remedy was the IACA. *Id.* at 1044. Like Anderson's claims here, Wooten claimed that being forced to work and the insufficient medical care he received while incarcerated exacerbated his pre-existing back injury. *See id.* at 1040–43.

---

[3] In support of his Opposition to the Motion, Anderson submitted a declaration dated April 19, 2018, claiming he had "problems" with his feet before entering custody. Anderson's declaration is included in the same docket filing as the Opposition.

ORDER - 5

In affirming the district court's decision, the Sixth Circuit in *Wooten* confirmed that the IACA "serves as the exclusive remedy *only* when the injury suffered by the inmate is work-related." *Id.* at 1044 (citing *Thompson v. United States*, 495 F.2d 192 (5th Cir. 1974)). However, the IACA also "provides the exclusive remedy where a prisoner with a pre-existing medical problem is subsequently injured in a work-related incident." *Id.* (citing *Aston v. United States*, 625 F.2d 1210 (5th Cir. 1980)). The court reasoned that, in Wooten's case,

> [t]he relevant injury is the aggravation of the pre-existing back injury caused by the prison job Wooten was required to perform. . . . In our view, the aggravation of the pre-existing medical problem and the medical problem itself constitute two separate injuries. Thus, to the extent that Wooten sought relief under the FTCA for the aggravation of his pre-existing back problem as a result of his job assignment, his complaint is barred by *Demko*.

*Id.* at 1045.[4]

Likewise here, Anderson's sole remedy for his blister/ulcer-related injuries is the IACA. It makes no difference whether Anderson's diabetes or corresponding feet problems preexisted his work at the FDC SeaTac—even if a work-related incident aggravated preexisting conditions, the Court lacks jurisdiction. *Id.* at 1044–45. "When a prisoner is injured on the job, he cannot bring an action against the United States under the FTCA for that injury or for negligence by United States Agents regarding treatment

---

[4] The Ninth Circuit has not addressed whether the IACA is the exclusive remedy for a work-related aggravation of a pre-existing, non-work-related condition. However, the Ninth Circuit has favorably relied on *Wooten* in holding that the IACA is the exclusive remedy for a work-related injury is subsequently aggravated by the malfeasance of prison officials. *See Vander v. United States DOJ*, 268 F.3d 661, 663–64 (9th Cir. 2001) (affirming dismissal of FTCA action where inmate alleged his preexisting knee injury was exacerbated by prison officials' delay).

ORDER - 6

of that injury." *Vander*, 268 F.3d at 664.  As such, the exclusive remedy for Anderson's corresponding injuries is the IACA.  *Demko*, 385 U.S. at 151–52.[5]  This Court does not have jurisdiction over his FTCA claim.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     The Motion is GRANTED and this case is dismissed with prejudice for lack of subject-matter jurisdiction.

(2)     The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 22nd day of June, 2018.

Thomas S. Zilly
United States District Judge

---

[5] In the Motion, the Government asserts that Plaintiff never submitted any IACA claim.  *See* Motion at 12–13.  Plaintiff does not appear to challenge this contention or otherwise suggest that there was any final agency action on such a claim.  Thus, subject-matter jurisdiction would not stand on this alternative basis.  *See Johnson v. Fed. Bureau of Prisons*, No. 3:15-cv-0581-AC, 2015 WL 13229205, at *4–5 (D. Or. Dec. 18, 2015).  Insofar as Plaintiff tried to submit an IACA claim now, it would be time-barred under 28 C.F.R. §301.303(a), (f) ("a claim for impairment may be accepted up to one year after release, for good cause shown.").